UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW RAMON SCOTT,

    Plaintiff,

v.

THOMAS WINN,

    Defendant.

Case No. 15-13828
Honorable Laurie J. Michelson
Magistrate Judge Mona K. Majzoub

**OPINION AND ORDER DENYING PETITION
FOR RECONSIDERATION [11, 14]**

Andrew Scott shot Tahari Briggs. Although Scott claimed self-defense, a jury convicted him of first-degree murder, and he received a mandatory life sentence. The Michigan Court of Appeals affirmed Scott's conviction, and the Michigan Supreme Court denied his application for leave to appeal. Scott then petitioned this Court for a writ of habeas corpus, which the Court denied. He now asks the Court to reconsider that decision pursuant to E.D. Mich. LR 7.1.

To obtain this relief, the movant must show "a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled" and "that correcting the defect will result in a different disposition of the case," but the Court retains discretion to reconsider any issue. *See* E.D. Mich. L.R. 7.1(h)(3); *PT Pukuafu Indah v. U.S. Sec. & Exch. Comm'n*, 661 F.3d 914, 924 (6th Cir. 2011). A "palpable defect" is an obvious, clear, unmistakable, manifest, or plain defect. *Id.* at *2 (quoting *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002).

Scott raises two claims in his motion to reconsider, (R. 11) and amplifies one in a later amendment to his motion (R. 14). He says he was unlawfully charged with first-degree murder

1

based on witness-intimidation and a lack of physical evidence. (PageID.649.) And he says the prosecutor withheld exculpatory evidence, in violation of *Brady v. Maryland*. (PageID.649,690.)

However, Scott did not raise these claims in his petition for a writ of habeas corpus. (R. 1.) Based on these new claims, Scott asks the Court to set aside its final judgment on Scott's habeas corpus petition and grant him relief. (PageID.650.) So Scott's motion to reconsider is effectively a second or successive habeas corpus petition. *See Moreland v. Robinson*, 813 F.3d 315, 322–23 (6th Cir. 2016). And claims in a second or successive habeas corpus petition may not be presented to the Court absent approval from the Sixth Circuit. *See* 28 U.S.C. 2244(b)(3); *Moreland*, 813 F.3d at 322. As Scott has not received approval from the Sixth Circuit, the Court lacks jurisdiction over the claims in his motion to reconsider. *Burton v. Stewart*, 549 U.S. 147, 149, 152–53, 157 (2007). Accordingly, the Court declines Scott's invitation to reconsider the denial of his petition.

SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
Dated: July 2, 2018
U.S. DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 2, 2018.

s/Keisha Jackson
Case Manager